UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

TER TOOCH WASHTOUR, Plaintiff

v.

WELTMAN, WEINBERG & REIS CO., LPA,

STEFANIE KEMPFER COLLIER

Defendants,

-FILED-

SEP 23 2024

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

1:24CV405

**COMPLAINT FOR VIOLATION OF FEDERAL AND STATE DEBT COLLECTION LAWS**

Plaintiff, TER TOOCH WASHTOUR, residing at 2537 weisser park avenue, Fort wayne, 46803 IN. files this complaint against Defendants, STEFANIE KEMPFER COLLIER and WELTMAN, WEINBERG & REIS CO., LPA, as follows:

## INTRODUCTION

1. This action is brought by Plaintiff, pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and other applicable Indiana state law, for illegal debt collection practices undertaken by the Defendant. These actions include attempts to repossess Plaintiff's vehicle without the necessary licensing and registration in the State of Indiana, in violation of federal and state laws.
2. Plaintiff seeks monetary damages, declaratory relief, and other appropriate relief due to Defendant's illegal and unlicensed collection activities.

## PARTIES

3. Plaintiff, Ter Tooch Washtour, is a resident of the State of Indiana.
4. Defendant, Weltman, Weinberg & Reis Co., LPA, is a debt collection agency that conducts business in multiple states, including Indiana, and is engaged in collecting debts on behalf of creditors.
5. Upon further information, Defendant is not properly licensed to operate as a debt collector in Indiana, as shown by the Indiana Secretary of State business search and the NMLS Consumer Access registry.
6. **Defendant**, Stefanie Kempfer Collier from Weltman, Weinberg & Reis Co., LPA, the debt collection company. Is an attorney who engaged and filed the lawsuit of debt collection litigation on behalf of Consumers Credit Union. The attorney violated the FDCPA by filing the lawsuit without proper investigation into the debt collector's legal status or licensed standing in the state of Indiana.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter under 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically the FDCPA, 15 U.S.C. § 1692 et seq. The Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred within this district, and Defendant conducts business in this district.

## FACTUAL ALLEGATIONS

9. On or about 8/26/24, Defendant initiated contact with Plaintiff regarding an alleged debt, and subsequently attempted to repossess Plaintiff's vehicle, claiming the right to do so based on the alleged debt.

10. Plaintiff Ter Tooch Washtour conducted a search of the Indiana Secretary of State business registry, which confirmed that Defendant was not licensed or registered to conduct business in the State of Indiana. As provided in **Exhibit A**.

11. Plaintiff further verified through the NMLS Consumer Access (nmlsconsumeraccess.org) that Defendant was not licensed to collect debts in Indiana. As Provided in **Exhibit B**.

12. Despite being unlicensed, Defendant Weltman, Weinberg & Reis Co., LPA, continued its collection efforts, violating the FDCPA and Indiana debt collection laws by threatening and attempting to repossess Plaintiff's vehicle.

13. On or about 7/03/24, Defendant filed a lawsuit against Plaintiff in Allen Superior Court, seeking judgment to repossess Plaintiff's vehicle and collect the alleged debt.

14. On 9/16/24 a court hearing was scheduled for 11:00 a.m with the honorable Judge David.J.Avery. Plaintiff, Ter Washtour submitted a Motion to Dismiss due to Fraud upon the courts due to Defendants unlicensed and unregistered status in Indiana to collect debt. Evidence including the requirement of a license for debt collectors was provided to the honorable Judge David.J.Avery. Showing the Defendant was in violation of **Indiana Code Title 25. Professions and Occupations Article 11. Collection AgenciesChapter 1. Licensing of Collection Agencies by Secretary of State** shown in **Exhibit C**. Leading to Defendant voluntarily dismissing the lawsuit on 9/17/2024 as shown in **Exhibit D**.

## VIOLATIONS OF LAW

15. Defendant's unlicensed and illegal collection activities violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5) (threatening to take any action that cannot legally be taken) and 15 U.S.C. § 1692f(6) (taking or threatening to take nonjudicial action to repossess property without a present right to do so).

16. Defendant's actions also violate the Indiana Uniform Consumer Credit Code (IUCCC), Ind. Code § 24-4.5 et seq., which prohibits unlicensed entities from engaging in collection activities and repossessions within the state. The identity of the debt collection agency as provided in **Exhibit E.** Referencing the FDCPA statement pursuant to 15 U.S.C. § 1692e(11).

17. Defendant Weltman, Weinberg & Reis Co., LPA violated the UCC governing secured transactions. They have attempted to collect on a debt involving collateral (Plaintiff's honda civic) without a perfected lien. Pursuant to UCC § 9-311(a) and UCC § 9-310, Defendant failed to perfect a security interest in Plaintiff's vehicle by not properly filing a lien with the Indiana Secretary of State. As verified by a UCC-11 search, no lien exists under Plaintiff's name. Making Defendant's attempt to collect on the collateral unlawful. As referenced in **Exhibit F.** With no lien found in the UCC-11 search to begin with this makes defendants collection attempt even further unlawful.

18. As a result of Defendant's actions, Plaintiff has suffered damages, including but not limited to emotional distress, attorney's fees, and costs associated with defending against Defendant's illegal lawsuit and repossession efforts.

## CLAIMS FOR RELIEF

### COUNT I
**Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.**

19. Plaintiff repeats and realleges each of the above paragraphs as if fully set forth herein.

20. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take actions they were not legally entitled to, specifically by attempting to repossess Plaintiff's vehicle without proper licensing.

21. Defendant violated 15 U.S.C. § 1692f(6) by threatening to take nonjudicial action to repossess Plaintiff's vehicle when it had no present legal right to do so.

### COUNT II
**Violations of Indiana State Law (IUCCC, Ind. Code § 24-4.5 et seq.)**

22. Plaintiff repeats and realleges each of the above paragraphs as if fully set forth herein.

23. Defendant violated Indiana's Uniform Consumer Credit Code by conducting debt collection and repossession activities without the required licensing in the state.

**COUNT III**

**Violation of the Uniform Commercial Code (UCC)**

24. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs.

25. Defendant, Weltman, Weinberg & Reis Co., LPA, has attempted to collect on a purported debt related to Plaintiff's vehicle, alleging that it has a lien on the vehicle.

26. Pursuant to UCC § 9-311(a) and UCC § 9-310, a security interest in collateral must be perfected through proper filing with the Indiana Secretary of State or other appropriate authorities to be enforceable.

27. Plaintiff conducted a UCC-11 search with the Indiana Secretary of State, which revealed that no lien or security interest was filed or recorded under Plaintiff's name for the vehicle in question.

28. As no lien exists under Plaintiff's name, Defendant has no perfected security interest in Plaintiff's vehicle, making any attempt to collect on the collateral or to claim rights to the vehicle unlawful under the UCC.

29. Defendant's actions constitute a violation of the UCC, and Plaintiff seeks declaratory judgment that the debt is unenforceable, as well as damages for the unlawful collection activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant, as follows:

A. Awarding Plaintiff actual damages in an amount to be determined at trial, including emotional distress, attorney's fees, and other losses;

B. Declaratory Relief: A declaration that Defendant's attempts to collect the debt were unlawful due to their lack of proper licensing in the State of Indiana;

C. Injunctive Relief: An order permanently barring Defendant from attempting to collect the alleged debt and engaging in any further collection activities against Plaintiff;

D. Debt Cancellation: An order directing Defendant to zero out the balance of the alleged debt, including but not limited to the car loan, due to their unlawful and unlicensed collection activities;

E. Order Release of Title: That the court order Defendant to return and release the title of Plaintiff's vehicle and to cease all attempts to collect the debt or repossess the vehicle as there is no legal right to repossess or hold.

F. Awarding Plaintiff statutory damages as provided under 15 U.S.C. § 1692k;

G. Awarding Plaintiff punitive damages for Defendant's willful and reckless disregard of the law;

H. Awarding Plaintiff the costs of this action, including attorney's fees;

I. Granting such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all claims so triable.

**Dated:** 9/20/2024
Respectfully Submitted,
Ter Tooch Washtour
2537 Weisser Park Avenue
260-580-2735
terwashtour@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on 9/23/24, a copy of the foregoing Complaint was sent to the Defendant, Weltman, Weinberg & Reis Co., LPA, by U.S. Mail, certified mail, return receipt requested.

Weltman, Weinberg & Reis Co., LPA

Stefanie Kempfer Collier

5990 W Creek RD STE 200

Independence, OH 44131

Dated: 9/20/24

Respectfully submitted,
Ter Washtour
2537 Weisser park avenue
260-580-2735
terwashtour@gmail.com

[Your Signature]