**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| TER TOOCH WASHTOUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:24-CV-405-HAB |
| | ) | |
| WELTMAN WEINBERG & REIS CO., | ) | |
| LPA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff defaulted on his car loan. Defendants sued Plaintiff on behalf of the lender

following the default. Plaintiff filed this suit is response, claiming that Defendants were acting as

unlicensed debt collectors.

Now before the Court is Defendants' motion to dismiss. (ECF No. 15). Defendants claim

that they are exempt from any state law licensing requirements and that, even if they aren't, a

violation of state licensing requirements does not give rise to a civil claim under state or federal

law. Defendants further claim that any failure on the part of the lender to record its lien did not

invalidate Defendants' collection efforts. That motion is now fully briefed (ECF Nos. 16, 17, 26)

and ripe for ruling.

I.      **Well-Pleaded Facts[1]**

Plaintiff alleges that Defendant Weltman, Weinberg & Reis Co., LPA ("WWR") is a debt

collections agency. WWR contacted Plaintiff in August 2024 regarding a car loan. WWR then filed

suit on behalf of the lender and against Plaintiff seeking to repossess the vehicle and collect the

---

[1] Defendants move under Fed. R. Civ. P. 12(b)(6), so the Court accepts the well-pleaded factual allegations in
Plaintiff's Complaint as true.

outstanding amounts on the loan. Defendant Stefanie Kempfer Collier ("Collier") was the attorney that filed the suit. The suit was ultimately dismissed by WWR.

WWR is not licensed by, or registered with, the Indiana Secretary of State to conduct business in Indiana. Nor is WWR licensed to collect debts in Indiana. Plaintiff alleges that Defendants violated Indiana law by acting as unlicensed debt collectors. Plaintiff further alleges that Defendants violated the Fair Debt Collections Practices Act ("FDCPA"), both by attempting to collect a debt when they were not licensed to do so and by attempting to collect on a debt without a perfected security interest.

## II.     Legal Analysis

### A.     *Motion to Dismiss Standard*

Defendants have moved to dismiss this case under Rule 12(b)(6). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Because Plaintiff proceeds pro se, the Court must follow the well-settled law of this Circuit that pro se complaints are not held to the stringent standards expected of pleadings drafted by

lawyers. Rather, pro se complaints are to be liberally construed. *See Sizemore v. Williford*, 829
F.2d 608, 610 (7th Cir. 1987).

**B.      *Plaintiff has no Private Right of Action under State Law***

The legal gravamen of Plaintiff's complaint is that WWR violated Indiana law, and
therefore the FDCPA, by acting as an unlicensed debt collector. Plaintiff is correct that Indiana
law requires "any person desiring to conduct a collection agency" to apply with the Indiana
Secretary of State, pay an application fee, and post a bond. *See*, *generally*, Ind. Code § 25-11-1-3.
The licensing is then handled by the Nationwide Multistate Licensing System ("NMLS"), which
maintains a list of licensed debt collectors.

Plaintiff is also correct that it is unlawful to operate a collection agency without obtaining
a license. Ind. Code § 25-11-1-7(a). Doing so is a Class B misdemeanor, which, upon complaint
of the secretary of state, the prosecuting attorney "shall prosecute." Ind. Code § 25-11-1-12. It is
undisputed that neither WWR nor Collier are so licensed.[2]

But statutory violations alone do not entitle Plaintiff to bring a claim for damages. For a
plaintiff to have a private right of action under Indiana law to sue a defendant for alleged violation
of a statute, the plaintiff must demonstrate the legislature that passed the statute "intended to
establish not just a standard of conduct but a duty enforceable by tort law." *Stachowski v. Estate
of Radman*, 95 N.E.3d 542, 544 (Ind. Ct. App. 2018). To determine whether the legislature
intended to create a duty enforceable by private tort action, the Court must first look to see if the
statute creates "an express right of action." *Id*. Absent an express right provided in the statute, the
Court must consider: "(1) whether the statute or ordinance was designed to protect particular
individuals or the public in general and (2) whether it includes an independent enforcement

---

[2] The Court understands that Defendants claim they are exempt from the licensure requirement. It is not necessary to
resolve that claim.

mechanism." *Id*. A private party may enforce rights under a statute that is designed to protect particular individuals and does not contain an enforcement provision. *Gresser v. Reliable Exterminators, Inc.*, 160 N.E.3d 184, 190 n.1 (Ind. Ct. App. 2020).

The statutory licensing scheme fails the test for private action. As Defendants note, there is no express right of action in the licensing statutes. And even if the statute is designed to protect particular individuals, there is an enforcement mechanism—criminal prosecution. The licensing requirement is not a "duty enforceable by tort law," so Plaintiff's claim for damages under state law must be dismissed.

**C.      *Defendants' Licensure Status is not Actionable under the FDCPA***

The non-existence of a private right of action is not an impediment to Plaintiff's FDCPA claim. But the alleged basis for the FDCPA violation is.

This Court has already held that "a violation of state licensing law does *not* constitute an FDCPA violation." *Niemiec v. NCO Financial Sys., Inc.*, Cause No. 1:05cv219, 2006 WL 1763643 at *7 (N.D. Ind. 2006) (collecting cases) (original emphasis). Rather, the violation is "innocuous." *Id*. The Court now reiterates that holding and finds Defendants' licensure status irrelevant for the purposes of the FDCPA.

**D.      *Plaintiff's Debt was not Uncollectable***

As a fallback position, Plaintiff asserts that Defendants' actions were violations of the FDCPA because the debt was not legally collectable. In support of this argument, he notes that the lender did not record its lien with the Indiana Secretary of State. This, Plaintiff claims, means that there is "no security interest" in the vehicle.

Plaintiff is wrong. The only prerequisite to a perfected security interest in a vehicle is that the interest "be indicated on a certificate of title." Ind. Code § 26-1-9.1-311(a)(2). The lender's

failure to record the lien with the secretary of state did not make it uncollectable or create an

FDCPA action.

### III.    Conclusion

For these reasons, Defendant's motion to dismiss (ECF No. 15) is GRANTED. This matter

is DISMISSED.

SO ORDERED on January 8, 2025.

  s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT